IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARRIO AUTHONY FACESON,

               Plaintiff,

v.

FLAT BRANCH MORTGAGE, et al.,

               Defendants.

Case No. 23-2270-DDC-ADM

## MEMORANDUM AND ORDER

Pro se[1] plaintiff Marrio Faceson filed a Complaint (Doc. 1) against defendants Flat Branch Mortgage and Sarah Craig, a Flat Branch employee, over a disputed financial agreement. Ms. Craig has filed a Motion to Dismiss (Doc. 9) claiming insufficient process, insufficient service of process, and failure to state a claim.[2] The court grants Ms. Craig's Motion to Dismiss for the reasons explained below.

### I.    Background

The Complaint presents few readily discernable facts. Doc. 1. Mindful of plaintiff's status as a pro se litigant, the court construes plaintiff's claims as best it can. *Hunt v. Uphoff*,

---

[1] Because plaintiff filed his suit pro se, the court construes his filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't serve as a pro se plaintiff's advocate. *See id.* Plaintiff's pro se status doesn't excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[2] Defendant Flat Branch Mortgage originally joined Ms. Craig's Motion to Dismiss. Doc. 9. Flat Branch since has requested to withdraw its Motion to Dismiss. Doc. 15. The court granted Flat Branch's request to withdraw in an Order filed simultaneously with this Memorandum and Order, so its part of the motion is moot.

199 F.3d 1220, 1223 (10th Cir. 1999) ("In determining whether dismissal is proper, . . . we must liberally construe the allegations of a pro se complaint." (citation and internal quotation marks omitted)).

According to plaintiff, defendants Flat Branch Mortgage and Sarah Craig, a Flat Branch employee, held a promissory note for him and later sold the note to investors. Doc. 1 at 4. Plaintiff timely made payments on the note for the past five years. *Id.* He now sues defendants for $199,088.00 and for "pain and suffering not exceed[ing $]3 million in damages[.]" *Id.* Plaintiff also seeks free and clear title to his property, and indemnity for future claim against to his property, estate, and trust. *Id.* Plaintiff also asks defendants to stipulate that they're a creditor to the promissory note, and to show "true double entry accounting debits of the loss" from issuing plaintiff a loan. *Id.*

Plaintiff attached two documents to his Complaint: an "Affidavit of Reservation of Rights UCC 1-308/1-207" (Doc. 1-1) and a "Notice of Liability Regarding Trespass Fee Schedule and Remedy" (Doc. 1-2). In the first document, plaintiff quotes the Uniform Commercial Code and asserts that he's "not a United States citizen or a 14th amendment citizen," but instead, "a State Citizen of the republic[.]" Doc. 1-1. The second document purports it's a "Self-Executing Contract," and quotes various passages, among other things, of scripture, legal maxims, the Federalist Papers, caselaw, the Constitution of the United States, and the UCC. *See generally* Doc. 1-2. Neither document references defendants nor makes any argument connecting the cited material to plaintiff's claims here.

II.     **Legal Standard**

Rule 12(b)(6) allows an opposing party to seek dismissal of a pleading that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a complaint to survive a motion to dismiss under Rule 12(b)(6), the pleading "must contain sufficient factual

matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

**III.     Analysis**

Ms. Craig brings a Motion to Dismiss (Doc. 9) plaintiff's Complaint for insufficient process, insufficient service of process, and failure to state a claim. The court grants Ms. Craig's motion because plaintiff fails to state a claim against her.

Ms. Craig asks the court to dismiss the Complaint because plaintiff's claims "are vague and ambiguous, constitute legal conclusions, and fail to state any facts for information that would constitute a claim[.]" Doc. 9 at 2. She argues that the Complaint fails to introduce "any specific allegations against [her], whether in her personal capacity or in her position as an employee and officer of Defendant Flat Branch Mortgage, Inc." *Id.* She's right. The Complaint mentions Ms. Craig just to identify her as a defendant to the case. Doc. 1 at 2–3. And neither the Complaint (Doc. 1) nor plaintiff's Motion to Dismiss Response (Doc. 12) allege any facts about Ms. Craig or plausibly explain how she allegedly injured plaintiff. The court thus grants Ms. Craig's Motion to Dismiss for failure to state a claim.

**IV.     Conclusion**

In sum, the court grants Ms. Craig's Motion to Dismiss (Doc. 9) and dismisses plaintiff's claims against Ms. Craig without prejudice.[3]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Sarah Craig's Motion to Dismiss (Doc. 9) is granted.

**IT IS SO ORDERED.**

**Dated this 11th day of March, 2024, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**

---

[3] The district court has discretion to decide whether to dismiss an action with or without prejudice. *Brown v. Baeke*, 413 F.3d 1121, 1123–24 (10th Cir. 2005). The court exercises this discretion here and dismisses the claims against Ms. Craig without prejudice. Defendants do request dismissal with prejudice. Doc. 9 at 4. But dismissal with prejudice would unfairly prejudice a pro se plaintiff if he later retained counsel and wanted to amend his Complaint. And given how little plaintiff has asserted in his Complaint in this action, nothing permits the court to say that plaintiff couldn't plausibly allege a supportable claim against Ms. Craig. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (extending "to pro se plaintiffs an opportunity to remedy defects potentially attributable to their ignorance of federal law and motion . . . in a Fed. R. Civ. P. 12(b)(6) context") (citation and internal quotation marks omitted); *see also* 6 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1483 (3d ed. 2023) ("[I]f it is at all possible that the party against whom a dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.").