IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARRIO AUTHONY FACESON,

    Plaintiff/
    Counter Defendant,

v.

FLAT BRANCH MORTGAGE,

    Defendant/
    Counter Claimant.

Case No. 23-2270-DDC-ADM

**MEMORANDUM AND ORDER**

Plaintiff Marrio Authony Faceson, proceeding pro se,[1] has filed this action against defendant Flat Branch Mortgage. Plaintiff seeks to invalidate a loan he took from defendant. Defendant responded that plaintiff has defaulted on that loan. Defendant also counterclaimed, asking for a declaratory judgment that the loan is valid and enforceable.

Defendant has moved for summary judgment. Doc. 51. The court grants the part of defendant's motion that seeks summary judgment in its favor on both plaintiff's claim and defendant's counterclaim. The court denies the part of the motion that asks for costs and attorney's fees. Given the court's summary judgment conclusion, it denies this case's miscellany of pending motions as moot. The court explains these conclusions, below, starting with the case's background.

---

[1] Plaintiff proceeds pro se. The court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of his advocate. *Hall*, 935 F.2d at 1110.

### I.     Background and Procedural History

In April 2020, defendant loaned plaintiff $119,088.00 in a mortgage-refinancing transaction. Doc. 54-4 (2020 Closing Disclosure); Doc. 54-5 (Note); Doc. 54-9 (Loan Appl.). Defendant secured the loan with a mortgage on plaintiff's property in Leavenworth, Kansas. Doc. 54-6 (Mortgage). Plaintiff defaulted on the loan in May 2023. Doc. 54-11 at 6 (Pet.); Doc. 54-13 at 2 (Estrada Aff. ¶ 8). So, in October 2023, defendant filed a foreclosure action in state court. Doc. 54-11 at 1 (Pet.). At defendant's request, the state court stayed the case during the pendency of this federal case. Doc. 54-12 (Order) (granting motion to stay).

Plaintiff filed this action in June 2023. Doc. 1 (Compl.). The Complaint is difficult to follow at times but, as best the court can tell, plaintiff doubts defendant's authority to enforce the loan and seeks to invalidate the loan. *Id.* at 4 (Compl. ¶ III.). Plaintiff claims defendant sold the loan and must either release plaintiff from the debt or produce proof of its rights. *Id.* Defendant answered plaintiff's Complaint, expressing its own confusion about plaintiff's claims and alleging that it does indeed have the relevant loan rights. Doc. 17 (Answer). Defendant also counterclaimed for a declaratory judgment that the promissory note and mortgage are enforceable and valid. *Id.* at 3–6 (Countercl.).

Defendant now has moved for summary judgment on plaintiff's claim and its counterclaim. Doc. 51. In support, defendant has adduced the relevant loan documents and asserts that it has shown the loan's validity. Plaintiff hasn't filed a response. Instead, plaintiff filed several difficult-to-decipher documents that seemingly ask the court to: (i) settle, discharge, and release various tax forms (Doc. 57) and (ii) close out ledgers concerning plaintiff's liabilities and taxes (Doc. 61). Plaintiff also filed a puzzling "affidavit" that discusses "fraudulent birth certificate securities" and abstractly refers to the Uniform Commercial Code.

Doc. 62 at 1. Scrawled in handwriting near the bottom of this "affidavit," plaintiff claims defendant has failed to provide a wet signature and thus is in default. *Id.*

With this factual and procedural background in mind, the court next turns to the parties' motions. It begins with the legal standard governing defendant's summary judgment motion.

## II.        Legal Standard

Summary judgment is appropriate if the moving party demonstrates that "no genuine dispute" exists about "any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When it applies this standard, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "An issue of fact is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party' on the issue." *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). And an issue of fact is "material" if it can "affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248.

The party moving for summary judgment bears the initial burden of showing "the basis for its motion[.]" *Celotex*, 477 U.S. at 323. A summary judgment movant can satisfy this burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the moving party satisfies its initial burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quotation cleaned up). To satisfy this requirement, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quotation cleaned up). When deciding whether the parties have

3

shouldered their summary judgment burdens, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter[.]" *Anderson*, 477 U.S. at 249

The case has a small summary judgment twist. Defendant filed its summary judgment motion on October 16, 2024. Doc. 51. Defendant also filed, as our court's local rules require, a Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment. Doc. 53; *see also* D. Kan. Rule 56.1(d). That notice informed plaintiff that if he failed to submit a timely response, "the court may accept defendant's facts as true[.]" Doc. 53 at 2. Our local rules required plaintiff to respond to the motion within 21 days. D. Kan. Rule 6.1(d)(1), 7.1(c). Plaintiff failed to do so, despite the magistrate judge advising him "about the importance of filing a response to Flat Branch's summary judgment motion." Doc. 56 at 1.

Given plaintiff's failure to respond to the summary judgment motion, our local rules categorize the motion as unopposed. D. Kan. Rule 7.1(c). But plaintiff's failure to respond to defendant's summary judgment motion—alone—doesn't furnish a sufficient basis to grant summary judgment to defendant. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Instead, the court still must determine whether judgment for the moving party is appropriate under Fed. R. Civ. P. 56. *Id.* Nevertheless, failing to respond to a summary judgment motion "waives the right to respond or to controvert the facts asserted in the summary judgment motion" and requires the court to "accept as true all material facts asserted and properly supported in the summary judgment motion." *Id.*

## III.       Analysis[2]

The court begins its analysis of defendant's summary judgment motion with the question of the loan's validity. After determining that defendant is entitled to summary judgment on that

---

[2]   Plaintiff's confounding Complaint lists as the basis for the court's jurisdiction both 28 U.S.C. § 1331, better known as federal question jurisdiction, and 28 U.S.C. § 1332, better known as diversity

4

question, the court considers defendant's request for attorney's fees. The court concludes with a brief discussion of the other motions pending in the case.

At bottom, the parties dispute the validity and enforceability of the loan—specifically, the promissory note and the mortgage that secures defendant's interest. "In Kansas, promissory notes and mortgages are contracts between the parties[.]" *Mark Twain Kan. City Bank v. Cates*, 810 P.2d 1154, 1160–61 (Kan. 1991).[3] "A binding contract typically entails an offer of terms, an acceptance of those terms, and consideration or a thing of value passing from each party to the other." *Duling v. Mid Am. Credit Union*, 530 P.3d 737, 744 (Kan. Ct. App. 2022).

Here, defendant's uncontroverted evidence establishes all elements of a binding contract. Defendant has adduced a promissory note in which defendant promises to loan plaintiff $119,088 and, in exchange, plaintiff promises to repay that amount, plus interest. Doc. 54-5 (Note). This contract refinanced plaintiff's earlier loan; plaintiff took out a larger loan amount but benefitted from a lower interest rate. *Compare* Doc. 54-1 (2018 Closing Disclosure), *with* Doc. 54-4 (2020

---

jurisdiction. Doc. 1 at 2 (Compl. ¶ I.A.). But his Complaint, even liberally construed, doesn't raise a federal question. *See generally id.* Instead, the court construes this case as a dispute about a contract governed by state law. So the court must assure itself that it has diversity jurisdiction over this action. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (outlining court's "independent obligation" to assure itself of its subject matter jurisdiction). The court did so in a separate Show Cause Order, Doc. 63, and it left that endeavor satisfied that it has diversity jurisdiction, Doc. 68.

[3]   Defendant cites, without explanation, Kansas law. The court attempts to trace defendant's steps to determine how it reached the view that Kansas law provides the governing legal authority. When, as here, a court relies on diversity jurisdiction, it must apply the conflict-of-laws rules of the state where it sits to determine the applicable law. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In Kansas, if the relevant contract contains a choice-of-law provision, "Kansas courts generally effectuate the law chosen by the parties to control the agreement." *Brenner v. Oppenheimer & Co.*, 44 P.3d 364, 375 (Kan. 2002). Here, the mortgage contains a choice-of-law provision providing that the mortgage "shall be governed by federal law and the law of the jurisdiction in which the Property is located." Doc. 54-6 at 7 (Mortgage). The property is in Leavenworth, Kansas, so Kansas law applies. And, even if this analysis doesn't trace defendant's steps properly, Kansas law would apply anyway. That's so because, in Kansas, "'the law of the forum applies unless it is expressly shown that a different law governs, and in case of doubt, the law of the forum is preferred.'" *Brenner*, 44 P.3d at 376 (quoting *Sys. Design & Mgmt. Info., Inc. v. Kan. City Post Off. Emps. Credit Union*, 788 P.2d 878, 881 (Kan. Ct. App. 1990)).

Closing Disclosure). And plaintiff accepted these terms, as evidenced by his signature on the promissory note. Doc. 54-5 at 2 (Note). Defendant also has proffered the mortgage, which identifies defendant as the lender and plaintiff and his wife as the borrower. Doc. 54-6 at 1 (Mortgage). These documents are clear, and defendant has supported them with an affidavit from its chief legal and compliance officer. *See* Doc. 52-13 (Estrada Aff.). And, as already stated, plaintiff hasn't controverted any of this evidence.

Instead, plaintiff seemingly asserts that defendant sold the rights to collect on the loan. Doc. 1 at 4 (Compl. ¶ III.) To be sure, a company called "Mortgage Electronic Registration Systems, Inc." is listed as the mortgagee on the mortgage. Doc. 54-6 at 1 (Mortgage). But defendant has submitted an "Assignment of Mortgage" in which Mortgage Electronic Registration Systems, Inc. assigned and transferred plaintiff's mortgage to defendant. Doc. 54-10 (Mortgage Assignment). And so defendant has provided uncontroverted evidence that it owns the rights manifested in the loan documents.

Plaintiff also asserts that defendant has failed to adduce evidence of a wet signature on the promissory note. Doc. 62 at 1. Plaintiff provides no authority, and the court has not located any, suggesting that Kansas law requires a wet signature on a promissory note to render the note enforceable. Indeed, the Federal Rules of Evidence reject plaintiff's hypertechnical argument. Fed. R. Evid. 1004(d) provides than an "original [document] is not required and other evidence of the content of a writing . . . is admissible if . . . the writing . . . is not closely related to a controlling issue." The court liberally construes plaintiff's demand for a "wet signature" to amount to a demand for the originally signed promissory note. But he never explains any reason for this demand. Indeed, all he ever says is that defendant hasn't provided a wet, signed version of the note. So, plaintiff has failed to show that his demand for the note is "closely related to a

controlling issue." Fed. R. Evid. 1004(d). This shortcoming makes a copy of the promissory note sufficient, and thus nullifies any need for the wet-signature original. *Montoya v. Romero*, 956 F. Supp. 2d 1268, 1279 (D.N.M. 2013) ("'[R]ule 1004 recognizes that the Best Evidence Rule is a rule of preference, and not necessarily a rule of exclusion.'" (quoting 5 Stephen A. Saltzburg et al., *Fed. Rules of Evidence Manual* § 1004.02, at 1004–2 (9th ed. 2006))).

In sum, defendant has adduced uncontroverted evidence of a valid mortgage. No reasonable factfinder could find the promissory note or the mortgage invalid. Defendant thus deserves summary judgment in its favor against plaintiff's claim that the mortgage is invalid. Defendant also is entitled to summary judgment on its counterclaim for a declaratory judgment that the promissory note and mortgage are enforceable and valid.[4] And it's uncontroverted that plaintiff is in default. Doc. 54-11 at 6 (Pet.); Doc. 54-13 at 2 (Estrada Aff. ¶ 8).

Anticipating its victory, defendant's summary judgment motion asks for attorney's fees and costs. Doc. 54 at 9. Indeed, the terms of the promissory note entitle defendant to costs and

---

[4] Defendant acknowledges that the court has discretion to enter declaratory judgments. Doc. 54 at 8; *see also Pub. Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) ("The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so."). Our Circuit has imposed a five-factor test for district courts to apply when determining whether to exercise this discretion:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)). Defendant asserts that these factors favor the entry of a declaratory judgment here. Doc. 54 at 8. Plaintiff has not challenged this assertion. The court agrees with defendant. A declaratory judgment settles this controversy, which solely concerns the mortgage's validity. A declaratory judgment also clarifies the legal relations at issue because it clarifies defendant's legal rights as mortgagee. And there's no indication of procedural fencing, res-judicata racing, increased federalism friction, improper encroachment, or a better remedy.

reasonable attorney's fees incurred to enforce the promissory note. Doc. 54-5 at 2 (Note); Doc. 54-6 at 9 (Mortgage). But a "trial court has discretion to adjust or even deny a contractual award of fees if such an award would be inequitable or unreasonable." *U.S. ex rel. C.J.C., Inc. v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1548 (10th Cir. 1987). Defendant has proffered nothing—no time sheets, no rates, nothing—to demonstrate the reasonableness of its attorney's fees. The court thus denies this request, but without prejudice to refiling a properly supported motion.

These conclusions resolve the summary judgment motion; three motions remain. Defendant has also filed a Request for Judgment (Doc. 58), informing the court that plaintiff never responded to its Motion for Summary Judgment and asking the court to grant the motion. The court now has done so, it thus denies this request as moot.

Plaintiff, for his part, has filed two motions. The court addressed these motions above: one asks for a settlement of tax documents (Doc. 57) and the other requests that the court return plaintiff's credits and close any ledgers (Doc. 61). Being direct about it, the court doesn't know what these filings mean. In any event, these motions are moot in light of the court's summary judgment ruling. The court thus denies them.

## IV.     Conclusion

In the face of defendant's uncontroverted evidence, no reasonable factfinder could conclude that the loan defendant made to plaintiff is unenforceable or invalid. And it's uncontroverted that plaintiff has defaulted on the loan. Defendant thus is entitled to summary judgment in its favor on both plaintiff's claim and its counterclaim for a declaratory judgment that the mortgage is valid, and plaintiff is in default. This conclusion renders the remaining motions moot, so the court denies them.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Summary Judgment (Doc. 51) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Settle, Discharge, Release, and Closed (Doc. 57) is denied as moot.

**IT IS FURTHER ORDERED THAT** defendant's Request for Judgment (Doc. 58) is denied as moot.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Advise the Administrators to Setoff, Settle, and Return All Credits (Doc. 61) is denied as moot.

**IT IS FURTHER ORDERED THAT** this Memorandum and Order resolves the parties' claims, so the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

**Dated this 11th day of September, 2025, at Kansas City, Kansas.**

                                                                         **s/ Daniel D. Crabtree**
                                                                         **Daniel D. Crabtree**
                                                                         **United States District Judge**