**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| MARRIO AUTHONY FACESON,<br><br>　　　　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>FLAT BRANCH MORTGAGE,<br><br>　　　　　　　　　　　　**Defendant.** | **Case No. 23-2270-DDC** |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Flat Branch Mortgage's Verified Motion for

Attorney's Fees (Doc. 71).  The court previously entered summary judgment in defendant's

favor on all claims in this case.  Defendant now requests $13,607.50 in attorneys' fees along with

postjudgment interest.  The court awards defendant $12,791.60 in attorneys' fees and thus grants

in part and denies in part its motion.  Before outlining the reasons for its decision, the court

recites the relevant background facts and procedural history.

I.　　　　**Background**[1]

Defendant loaned plaintiff about $120,000 and secured this loan with a mortgage against

plaintiff's property in Leavenworth, Kansas.  Doc. 54-5 (Note); Doc. 54-6 (Mortgage).  Relying

---

[1]　　The court directs the avid, yet unfamiliar, reader to its prior Order, where it gave a more detailed summary of the facts underlying this action.  Doc. 69 at 2–3; *Flat Branch Mortg. v. Faceson*, No. 23-2270-DDC-ADM, 2025 WL 2623007, at *1–2 (D. Kan. Sept. 11, 2025).

Because plaintiff represents himself on the current motion, the court construes his filings liberally.  *See Adams v. Fed. Aviation Admin.*, 168 F.4th 1271, 1275 n.1 (10th Cir. 2026).  But plaintiff didn't file anything here, so the court has nothing to construe.

on obscure legal theories, plaintiff filed this suit, which asserted that the loan is invalid.  Doc. 69

at 2.  Defendant then filed a Counterclaim seeking a declaratory judgment upholding the loan

and mortgage as valid and enforceable.  *Id.*  Following protracted discovery issues, the court

granted defendant summary judgment on all claims and entered Judgment in defendant's favor.

Doc. 69; Doc. 70.

Relevant here, the loan terms require plaintiff, upon default, to pay reasonable attorneys'

fees defendant incurs while enforcing the note.  Doc. 54-5 at 2.  And the court previously found

plaintiff's default was uncontroverted.  Doc. 69 at 7.  Defendant now seeks attorneys' fees.  Doc.

71.[2]  Plaintiff hasn't filed a response brief, and the time to do so has passed.  *See* D. Kan. Rule

6.1(d)(4) (response brief due in 14 days).  The court thus treats defendant's motion as

unopposed.  *See* D. Kan. Rule 7.1(c).

The court outlines the governing legal standard for defendant's motion, next.

## II.        Legal Standard[3]

Kansas law allows parties, when permitted by contract, to recover attorneys' fees.  *Credit*

*Union One of Kan. v. Stamm*, 867 P.2d 285, 287 (Kan. 1994).  Where, as here, the contract limits

recovery to "reasonable" attorneys' fees, the party seeking fees bears the burden "to justify the

reasonableness of the fees[.]"  *Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1229 (10th Cir. 2009)

---

[2]        Defendant's summary-judgment motion made something of a halfhearted request for attorneys'
fees.  Doc. 54 at 6.  The court denied that request, without prejudice to refiling, because defendant
"proffered nothing—no time sheets, no rates, nothing—to demonstrate the reasonableness" of its request.
Doc. 69 at 8.

[3]        "In a diversity case, the matter of attorney's fees is a substantive legal issue and is therefore
controlled by state law."  *Chieftain Royalty Co. v. Enervest Energy Inst. Fund, XIII-A, L.P.*, 888 F.3d 455,
461 (10th Cir. 2017) (quotation cleaned up).  A "federal court sitting in diversity must apply the
substantive law of the state in which it sits, including the forum state's choice-of-law rules."  *Boyd*
*Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 123 F.3d 1351, 1352–53 (10th Cir. 1997).  As the court
has explained already, Doc. 69 at 5 n.3, the mortgage here contains a choice-of-law provision selecting
Kansas law, Doc. 54-6 at 7 (Mortgage).  The court thus applies Kansas law.

(applying Kansas law).  Kansas law directs courts to assess the reasonableness of a fee request by consulting the factors listed in Rule 1.5 of the Kansas Rules of Professional Conduct.  *Id.* at 1228 (citing *Davis v. Miller*, 7 P.3d 1223, 1236 (Kan. 2000)).  Those eight factors are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results [achieved];

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

KRPC 1.5(a).  The court exercises discretion when determining the reasonableness of a fee request, applying "its own knowledge and professional experience in determining the value of services rendered."  *Johnson v. Westhoff Sand Co.*, 135 P.3d 1127, 1135 (Kan. 2006) (quotation cleaned up).

The following analysis applies this governing law to defendant's motion.

## III.      Analysis

This Order's analysis unfolds in this sequence.  *First*, the court assures itself that the contract permits defendant to recover attorneys' fees under the somewhat unusual facts of this case.  *Next*, the court assesses the reasonableness of defendant's fee request.  *Last*, the court analyzes defendant's request for postjudgment interest on the fee award.

### A.        Plaintiff's Contractual Obligation to Pay Attorneys' Fees

Recall that the note here authorizes defendant to recover reasonable attorneys' fees. Doc. 54-5. The note, in relevant part, provides that when defendant "has required [plaintiff] to pay immediately in full[,]" defendant may recover reasonable attorneys' fees incurred to enforce the note. *Id.* Plaintiff defaulted on the note—a point uncontroverted at summary judgment. *See* Doc. 69 at 2. And defendant filed suit in state court, seeking to foreclose on the property and recover the loan's unpaid balance in full. *See* Doc. 54-11 at 5–6 (Pet. ¶¶ 17–19). Defendant thus has satisfied the contract's condition precedent for recovering attorneys' fees.

The next issue asks whether the attorneys' fees defendant incurred in this action qualify as ones incurred enforcing the note. *See* Doc. 54-5 at 2 (limiting recovering to "costs and expenses" incurred "enforcing this Note"). They do. Defendant may recover its fees in this case because plaintiff's Complaint sought to invalidate the loan and thus avoid the enforcement of the note. *See* Doc. 1 (Compl.); Doc. 69 at 1. Plaintiff's actions required defendant to defend this action—and the validity of the note—to continue its enforcement effort in state court. So, attorneys' fees incurred defending this case qualify as expenses incurred "enforcing" the note. Doc. 54-5 at 2.

### B.        Reasonableness of Fees

Having concluded that defendant may recover attorneys' fees under the note, the court now asks whether defendant's attorneys'-fee request of $13,607.50 is reasonable under Kansas law. Though defendant bears the burden on this inquiry, its motion fails to acknowledge—let alone analyze—Kansas's reasonableness factors. All the same, the court takes the factors in turn.

4

1.    *Factor one*: **"the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly."  KRPC 1.5(a)(1).**

The first factor favors defendant's fee request.  True enough, the legal questions here involved elementary issues.  As the court noted in its summary-judgment Order, plaintiff's suit challenged a plainly binding contract.  *See* Doc. 69 at 5.  Still, plaintiff's filings in this case included "several difficult-to-decipher documents," a "puzzling 'affidavit,'" and a "confounding Complaint."  *Id.* at 2, 4 n.2.  What's more, plaintiff has complicated this case needlessly by failing to comply with court orders.  *E.g.*, Doc. 45 at 1.  The way plaintiff has litigated this case "interfered with the judicial process by unilaterally halting this case."  *Id.*  This factor, on balance, thus supports defendant's fee request.

2.    *Factor three*: **"the fee customarily charged in the locality for similar legal services."  KRPC 1.5(a)(3).**

This third factor mostly supports defendant's request as well.  Defendant's attorney billed an hourly rate of $300, increasing to $375 in 2025.  Doc. 71 at 2.  And a paralegal billed an hourly rate of $125.  *Id.*  These rates are reasonable.  Our court has "approved hourly rates up to $505 for the Kansas City market."  *Roadbuilders Mach. & Supply Co. v. Sandvik Mining & Constr. USA, LLC*, No. 22-cv-2331-HLT-TJJ, 2024 WL 757154, at *5 (D. Kan. Feb. 23, 2024) (collecting cases); *see also Marmon v. RPS Auto, LLC*, No. 22-2381-KHV, 2024 WL 1961432, at *4–5 (D. Kan. May 3, 2024) (finding hourly rate of $475 reasonable rate in Kansas City area). The paralegal's rate also is reasonable.  *See Ross v. Rothstein*, No. 13-CV-2101-DDC-TJJ, 2016 WL 274878, at *14 (D. Kan. Jan. 22, 2016) (collecting cases and setting a $100 rate for paralegals and support staff in 2016).  So, the hourly rates that defendant requests are reasonable.

But the court takes issue with one aspect of defendant's fee request:  six hours billed at full rate for travel to and from Kansas City to attend a status conference.  Doc. 71-1 at 2.

5

Although courts "have recognized the compensability of necessary travel time, . . . a trial court has discretion to apply a reduced hourly rate if the time is otherwise unproductive." *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1106 (10th Cir. 2010). Defendant hasn't argued that its counsel's travel time was productive. The court thus applies a 50% reduction to this $1,800 entry. *See Barbosa v. Nat'l Beef Packing Co., LLC*, No. 12-2311-KHV, 2015 WL 4920292, at *9 (D. Kan. Aug. 18, 2015) (reducing travel time by 50% because "such time is inherently unproductive"). Defendant's counsel lumped his travel time together with his attendance in court, making it difficult to distinguish between the hours spent traveling and otherwise-productive time in court. *See* Doc. 71-1 at 2. Still, the court finds $900—a 50% reduction—reasonable and equitable payment for this entry. *See BMO Bank N.A. v. Blitz Transit, LLC*, No. 24-2164-DDC-BGS, 2025 WL 2986816, at *9 (D. Kan. Oct. 23, 2025) (explaining that "a trial court, in its discretion, may deny or reduce the fees sought by contract if such an award is inequitable or unreasonable").

### 3. *Factor four*: "the amount involved and the results [achieved]." KRPC 1.5(a)(4).

This factor favors awarding the fee defendant has requested. Plaintiff sought to invalidate a note worth more than $100,000. *See* Doc. 1 (Complaint). Judgment here thus involved more than $100,000. And defendant won a favorable result, securing summary judgment against all claims. Given the amount involved and the results achieved, this factor supports defendant's fee request.

### 4. Remaining Factors

The remaining factors are either neutral or the court lacks sufficient information to assess them. After considering the totality of the KRPC 1.5(a) factors and in light of the unopposed

6

nature of defendant's motion, the court finds the requested attorneys' fees, minus a $900 deduction for travel time, reasonable.

### C.      Interest

Finally, defendant "requests interest at the highest lawful rate on its attorney's fees and expenses[.]" Doc. 71 at 4.  Interest on fees is a procedural issue, governed by federal law. *Transpower Constructors v. Grand River Dam Auth.*, 905 F.2d 1413, 1424 (10th Cir. 1990).  A federal statute, 28 U.S.C. § 1961, requires the court to award postjudgment interest at a rate defined by statute.  *See Bancamerica Comm. Corp. v. Mosher Steel of Kan., Inc.*, 103 F.3d 80, 81 (10th Cir. 1996); 28 U.S.C. § 1961(a).  And the interest mandated by this statute applies equally to an award of attorneys' fees.  *Transpower Constructors*, 905 F.2d at 1424.  Defendant thus may recover postjudgment interest on the attorneys' fees this Order awards.  That interest runs from the date this Order enters and accrues at the rate set by 28 U.S.C. § 1961.  *See MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/Am. Express, Inc.*, 962 F.2d 1470, 1476–77 (10th Cir. 1992).

## IV.      Conclusion

Based on the analysis recited here, the court awards defendant $12,707.50 in attorneys' fees, along with postjudgment interest.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Flat Branch Mortgage's Verified Motion for Attorney's Fees (Doc. 71) is granted in part and denied in part, as explained in this Order.

**IT IS SO ORDERED.**

**Dated this 30th day of July, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
